IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT E. MACLAREN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE OF TEXAS | : | NO. 12-3571 |
| DAVID P. WEEKS | : | |

MEMORANDUM

SLOMSKY, J.                                          AUGUST 13, 2012

Robert E. MacLaren brings this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against the State of Texas and Walker County District Attorney David P. Weeks.  He seeks to proceed in forma pauperis.  For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.   FACTS

According to the complaint, plaintiff was harassed and falsely arrested by employees of the Sheriff's Department in Walker County, Texas, on September 10, 2009.  Plaintiff also contends that he was falsely incarcerated for twenty-three days and that his personal property was taken and never returned to him.  The complaint does not describe the personal property at issue.  However, an attachment to the complaint, which appears to be a copy of a complaint that plaintiff filed in state court seeking the return of his property, indicates that the property consists of one bottle of wine, an empty bottle of Gatorade, and one roll of paper towels.  Plaintiff also appears to be asserting that an in forma pauperis motion that he filed in state court,

1

presumably in connection with his complaint for the return of property, was improperly denied.  Plaintiff seeks expungement of his arrest record, return of his personal property "or its equivalent fair market value," and $500,000 in damages "for the harassment, false arrest, and false imprisonment."  (Compl. ¶ V.)

## II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915(a).  As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies.  That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.  Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  If an affirmative defense such as the statute of limitations is obvious from the face of the complaint, and if no development of the record is necessary, the Court may dismiss any facially invalid claims sua sponte.  See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002); see also Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

**III. DISCUSSION**

Plaintiff's claims fail for several reasons.  First, the Court will dismiss the State of Texas as a defendant in this case because the State of Texas is entitled to sovereign immunity and, regardless, is not a "person" for purposes of § 1983.  See <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 65-66 (1989). Second, the Court will dismiss certain of plaintiff's claims as time-barred.

In § 1983 actions, federal courts apply the statute of limitations governing personal injury claims in the state where the cause of action arose.  <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007).  In Texas, where plaintiff's claims arose, the relevant statute of limitations is two years.[1]  <u>See</u> Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 380 n.20 (5th Cir. 1995).  The limitations period for false arrest and false imprisonment claims begins to run "when the alleged false imprisonment ends."  <u>Wallace</u>, 549 U.S. at 389.

The complaint alleges that plaintiff was arrested on September 10, 2009, and that he was illegally detained for 23 days.  Accordingly, his false arrest and false imprisonment claims – as well as his "harassment" claim, which is based on actions that took place during his arrest and detention – all accrued by October 3, 2009, the date that his "false imprisonment came to an end."  <u>Wallace</u>, 549 U.S. at 389; <u>see also</u> <u>Sameric</u>

---

[1]Pennsylvania also imposes a two-year statute of limitations on personal injury claims.  <u>See</u> 42 Pa. Cons. Stat. § 5524.

Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998)
(section 1983's limitations period begins running "when the
plaintiff knew or should have known of the injury upon which
[her] action is based"); Pittman v. Metuchen Police Dep't, 441 F.
App'x 826, 828 (3d Cir. 2011) (per curiam) ("[Plaintiff's] claims
of false arrest . . . , false imprisonment, and assault accrued
no later than when his arrests and detention occurred . . . . ").
 As plaintiff did not file this lawsuit until June 25, 2012, more
than eight months after the statue of limitations expired, any
claims that are based on his arrest and related detention are
time-barred.  The two-year statute of limitations also bars
plaintiff's claim based on the initial seizure of his property.
See Reitz v. Cnty. of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).

     Plaintiff's due process claim also fails.  The Court
understands plaintiff to be alleging that his due process rights
were violated by the defendants' failure to return his property
after initially seizing it.  Such allegations do not support a
due process claim because Texas provides an adequate state law
remedy, i.e., a tort claim for conversion, to compensate an
individual who has been improperly deprived of property.  See
Revell v. Port Auth. of N.Y., N.J., 598 F.3d 128, 138-39 (3d Cir.
2010) (no due process violation where state post-deprivation
procedures, including state tort remedies, provided adequate
process for a plaintiff claiming that state officials retained
his property after criminal charges against him had been
dropped); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) (in

4

Texas, tort of conversion satisfies requirement that state provide adequate post-deprivation remedy for individual deprived of property).  Accordingly, plaintiff cannot establish that he was deprived of due process.[2]

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Here, amendment would be futile because plaintiff cannot cure the deficiencies in his complaint. Accordingly, he will not be permitted to file an amended complaint.

**IV.  CONCLUSION**

For the foregoing reasons, plaintiff's complaint is dismissed.  An appropriate order follows.

---

[2]To the extent that he seeks to bring a conversion claim in this lawsuit, there is no basis for supplemental jurisdiction because the Court has already dismissed plaintiff's federal claims.  See 28 U.S.C. § 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).  Thus, the only independent basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which allows for federal jurisdiction when there is diversity of citizenship among the parties and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  Plaintiff's potentially recoverable damages on a conversion claim equate to the fair market value of a bottle of wine, an empty bottle of Gatorade, and a roll of paper towels. The Court is certain that any possible recovery for these items cannot exceed the jurisdictional threshold.  See Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." ); Thomas v. Northeastern Univ., 457 F. App'x 83, 84 (3d Cir. 2012) (per curiam) (affirming district court's dismissal of contract claim for failure to meet amount in controversy requirement without considering value of dismissed claims).  If he seeks to pursue a conversion claim, plaintiff should file a lawsuit in the appropriate state court in Texas.